IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT LEIZEAR, #294604　　　　　　*
　　　　　Petitioner,
　　v.　　　　　　　　　　　　　　　*　　CIVIL ACTION NO. AW-13-cv-384

STATE OF MARYLAND　　　　　　　　*
　　　　　Respondent.
　　　　　　　　　　　　　　　　　***

## **MEMORANDUM**

On February 4, 2013, this Court received a Petition for habeas corpus relief from Robert Leizear ("Leizear"), an inmate confined at the Jessup Correctional Institution ("JCI") in Jessup, Maryland, who claimed that he was being held past his maximum release date of December 3, 2012. Leizear argued that in 1999 he received a "little over thirteen years," giving him a release date in December of 2012. He asks to be released from confinement. (ECF No. 1).

On March 28, 2013, Respondent filed an Answer seeking to dismiss the Petition without prejudice for the failure to exhaust state remedies. (ECF No. 4). Leizear has not filed a formal reply.[1]

A habeas corpus petition, with its concomitant requirement of the exhaustion of state court remedies, is the exclusive means for a person "in custody" to attack the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-490 & 500 (1973) (state prisoner's civil rights action for injunctive relief seeking restoration of good time credits lost due to disciplinary proceeding should proceed as habeas corpus matter). Leizear does not contend that a state remedy

---

[1] On April 4 and April 5, 2013, Leizear filed two letters with the Court, which reiterate his claim that he is being held past his mandatory release date. (ECF Nos. 5 & 6). He admits, however, that he was found to be in violation of his mandatory parole release by the Maryland Parole Commission (ECF No. 6). Indeed, although the Commission's decision to revoke his mandatory supervision was vacated and remanded by the Circuit Court for Baltimore City, court documents show that the Commission revoked 1,000

is unavailable for his claims and a review of the cause of action reveals that he has not exhausted his remedies as to this issue. The only action Leizear has filed in state court is a request for judicial review of the administrative agency decision rendered by the Maryland Parole Commission to revoke his mandatory supervision release. (*See* ECF No. 4 at Exs. 1 & 2; *In the Matter of the Petition of Robert Leizear*, Case No. 24C12004070 (Cir. Ct. for Baltimore City)). This action, however, is not the proper mechanism for Leizear to exhaust his remedies when challenging the Division of Correction's calculation of his term of confinement. Therefore, this action must be dismissed for the failure to exhaust available state court remedies. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973).

An inmate in the custody of the Maryland Division of Correction who wishes to challenge the calculation of his release date may do so by:

    1.    Filing a complaint with the IGO;

    2.    Appealing a final decision of the IGO to the Circuit Court;

    3.    Filing an application for leave to appeal to the Court of Special Appeals from the decision of the Circuit Court; and

    4.    *If* the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, seeking *certiorari* to the Court of Appeals.

An inmate claiming an entitlement to an immediate release can also seek relief directly from the state courts by:

    1.    Filing a petition for writ of habeas corpus in a Circuit Court;

---

diminution credits awarded to Leizear. (ECF No. 4 at Ex. 2).

      2.      Appealing a decision by the Circuit Court to the Court of Special Appeals;[2] and

      3.      Seeking *certiorari* to the Court of Appeals from a decision by the Court of Special Appeals.

Because Leizear has not exhausted and complied with these procedures, his case will be dismissed without prejudice. A separate Order follows.


Date: July 22, 2013                                                                /s/
                                                                                   Alexander Williams Jr.
                                                                                    United States District Judge

---

[2] Although at one time this Court interpreted Maryland law as not permitting appeal of a Circuit Court decision denying habeas corpus relief except in very limited circumstances, *see Chavis v. Smith*, 834 F. Supp. 153, 158 (D. Md. 1993), later decisions by the Court of Appeals Maryland have made it clear that there is a right of appeal in cases where state habeas corpus relief has been sought challenging the calculation of sentences and/or diminution credits. *See Frost v. State*, 336 Md. 125, 132 n.5 (1994); *Merritt v. Corcoran*, 105 Md. App. 109, 111 (1995).